[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10907
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00017-WKW-SRW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS GROVE, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____
(January 2, 2013)

Before BARKETT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas Grove, Jr., appeals his convictions and 97-month total sentence for

possession with intent to distribute crack and powder cocaine, in violation of 21

U.S.C. § 841(a)(1).  After careful review, we affirm.

I.

Grove was charged in an indictment with multiple counts, dating from 2005 and 2006, of possession with intent to distribute five grams or more of powder and crack cocaine and distribution of five grams or more of crack cocaine, all in violation of 21 U.S.C. § 841(a)(1).  He pleaded not guilty and was tried by a jury.  In closing, counsel for the government made several statements relevant to this appeal.  Counsel stated:

> This was a business.  These people were in the business of dealing drugs.  It's run just like any other business.  Like I've said, . . . this defendant doesn't do drugs.  He just makes money off of other people.  He makes money off of poisoning our community.
>
> * * *
>
> [H]e is making money off selling drugs to people in the community.  We all know that drugs are the degradation of this community . . . . [O]f all communities . . . .  But the areas of Montgomery where there's higher drug use . . . .
>
> * * *
>
> We all know that in these communities where the drug use is higher, that's where the crime goes up . . . .  [W]e've all read that in the paper, heard it on the news, . . . heard Tom Brokaw talking about it or on *60 Minutes*.  And this is your opportunity.
>
> * * *
>
> Members of the jury, as I said, this is your opportunity.  You can help out the community.  At times, people teach illiterates to read, feed the homeless.
>
> * * *
>
> Again, you can help your community or help people by . . . teaching someone to read or feeding the homeless, going to paint a

2

school to help the school out, donating your cell phones to the Sunshine Center. But this is your opportunity. You're here to serve. And as I said when I started talking, you're here to serve your community as jurors. And in service to your community, you now have the opportunity to take it a step farther and clean up your community. Because when you take a drug dealer like Thomas Grove . . . off the street, you automatically clean up your community. You automatically make it safer.

Grove's counsel objected to each of these statements, but the district court initially allowed counsel for the government to proceed. At the charge conference, however, the district court agreed the statements were improper. Grove's counsel moved for a mistrial, but the court denied the motion, finding a curative instruction would suffice to prevent prejudice. First, the court instructed the jury that it could only consider the evidence admitted, and what the lawyers said was not evidence. Then, the court specifically reminded the jury of the government's statements during rebuttal and said:

> It appears that the prosecutor's comment in this case draws upon widespread community fears about drugs and implies that those fears can or should inform the process of assessing guilt of this defendant. In other words, the reference invites the jury to judge the case upon standards and grounds other than the evidence and the law of the case and is, thus, objectionable and improper. And I find that that argument is improper and that I should have sustained the second objection to it.

> [I]t's improper especially when the arguments appear calculated to shift the emphasis from evidence to emotion . . . . I'm instructing you that statements and arguments of counsel are not

3

evidence and that those improper statements are to be disregarded by you.  Those arguments are to be disregarded by you in your deliberations.  They were improper to draw attention to any supposed duty you have to, quote, clean up the community.  Your job is to decide whether this defendant in this case is guilty of these charges or not.  If . . . you find him guilty, say so.  If you find him not guilty, say so.

The jury found Grove guilty of each charge except distribution of crack cocaine.  Grove's counsel filed a motion for a new trial, which the district court denied.

A probation officer prepared a presentence investigation report (PSI) calculating a total offense level of 26.  This included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the offense, based upon two loaded firearms discovered in a bedroom during a search of Grove's home.  The PSI assigned Grove a criminal history category III, which yielded an advisory guideline range of 78 to 97 months' imprisonment.

Grove objected to the dangerous-weapon enhancement, arguing that the firearms were not his and were not reasonably foreseeable to him because they were not found in his bedroom.  The district court overruled Grove's objection, emphasizing that the guns were found in Grove's home, along with the drugs for which he was held responsible.  The court ultimately sentenced Grove to 97 months' imprisonment, finding expressly that the sentence was reasonable even

4

without the dangerous-weapon enhancement because of Grove's criminal history and the seriousness of the offense.

Grove now appeals his convictions and sentence.

## II.

## A.

Allegations of prosecutorial misconduct present mixed questions of fact and law that we review *de novo*. *United States v. Noriega*, 117 F.3d 1206, 1218 (11th Cir. 1997). We review the denial of a mistrial and a motion for new trial for an abuse of discretion. *United States v. McGarity*, 669 F.3d 1218, 1232 (11th Cir.) (mistrial), *cert. denied*, 133 S. Ct. 378 (2012); *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005) (new trial).

"[W]hen we review an issue of prosecutorial misconduct, we must determine (1) whether the challenged comments were improper and (2) if so, whether they prejudiced the defendant's substantial rights." *McGarity*, 669 F.3d at 1246. "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id.* (internal quotation marks omitted). The parties do not dispute that government counsel's comments were improper. Grove contends that the district court's curative instruction was made too late — after defense

5

counsel objected multiple times — and was insufficient in light of the extensive improper comments and the district court's repeated decision to overrule defense counsel's objections.

"In determining the level of prejudice stemming from a prosecutor's comment, we examine that comment in the context of the entire trial and in light of any curative instruction." *McGarity*, 669 F.3d at 1246. Here, the government presented ample evidence of Grove's guilt. In 2005, a cooperating witness arranged a crack-cocaine deal with Grove. Just before the scheduled deal, agents observed Grove get into his car. Agents stopped the car, saw Grove put something in or take something out of the center console, and conducted a search. There was crack cocaine in the console. Agents then executed a search warrant for Grove's home, where they found powder cocaine in Grove's bedroom and crack cocaine under the kitchen stove.

In 2006, agents arranged for another cooperating witness to conduct a controlled crack-cocaine buy from Grove at Grove's home. After the buy, agents obtained another warrant and again searched Grove's home. In a bedroom, agents found crack and powder cocaine, a loaded 9 millimeter handgun, ammunition, a loaded magazine, and a .44 caliber pistol. Agents also discovered the witness's buy money in Grove's bedroom, along with 10.3 grams of crack cocaine. The

6

government elicited all of this evidence at trial.

Further, the district court informed the jury that the court should not have initially overruled defense counsel's objections and issued a detailed curative instruction that specifically addressed the government's improper comments.  We "presume that the jury followed the district court's curative instructions." *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).  In light of the evidence presented at trial and the district court's curative instruction, we cannot say there is a reasonable probability that, but for the government's improper remarks during closing arguments, the outcome of the trial would have been different.

## B.

Grove also appeals his sentence — specifically, the two-level dangerous-weapon enhancement.  We review the district court's factual findings underlying a sentencing enhancement for clear error and the application of those facts to the guidelines *de novo*.  *McGarity*, 669 F.3d at 1232.  If, however, the district court made clear that the defendant's sentence would be the same despite the error, it is not necessary to decide whether the enhancement was applied in error so long as the sentence is substantively reasonable under 18 U.S.C. § 3553(a).[1]  *See United*

---

[1] Section 3553(a) requires the district court to consider at sentencing:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just

7

*States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006).  We review the

reasonableness of a sentence under a deferential abuse-of-discretion standard.

*Gall v. United States*, 552 U.S. 38, 41 (2007).

In this case, although the district court applied the enhancement, it also

stated:

> Mr. Grove, the sentence that I am going to impose on you is going to be a guideline sentence, but the sentence that I impose upon you is a sentence that I believe is reasonable in every respect, and that for reasons I'm going to enumerate I think a sentence any less than this would be unreasonable irrespective of what your guideline range is.

Because the district court indicated that it would impose the same 97-month

sentence irrespective of Grove's guideline range calculated with the dangerous-

weapon enhancement, we need only determine whether that sentence would

nonetheless be reasonable even without the enhancement; that is, if Grove's

guideline range were 63 to 78 months' imprisonment.  *See Keene*, 470 F.3d at

1350.  "[T]he burden is on the defendant to prove that his sentence is unreasonable

in light of the record and § 3553(a)."  *Id.*

Here, Grove had an extensive criminal-history record:  he had seven

---

punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

suspended sentences, at least one federal conviction, five cases dismissed or nolle prossed (including two for drug trafficking), and over one hundred traffic or other minor offenses.  This, as the district court explained, showed Grove's great disrespect for the law.  *See* 18 U.S.C. § 3553(a)(1) (requiring the district court to consider "the history and characteristics of the defendant").  The district court also emphasized that Grove's sentence would "reflect the seriousness of the offense," "promote respect for the law and provide just punishment," "afford adequate deterren[ce] to criminal conduct," "protect the public from further crimes" by Grove, provide Grove "with correctional treatment," and "avoid unwanted [*sic*] sentence disparities among defendants."  Because the district court specifically addressed the § 3553(a) factors and Grove has not otherwise shown that his sentence is unreasonable in light of these factors, we conclude that the sentence imposed was substantively reasonable.  And we need not address Grove's argument that the district court improperly included the dangerous-weapon enhancement in calculating his guideline range.

## III.

For the foregoing reasons, we affirm Grove's convictions and sentence.

**AFFIRMED.**